```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
LG ELECTRONICS INC.,                     :    18cv11082(DLC)
                                         :
                    Plaintiff,           :    MEMORANDUM OPINION
            -v-                          :        AND ORDER
                                         :
SAINT LAWRENCE COMMUNICATIONS, LLC,      :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On March 15, 2019, defendant Saint Lawrence Communications, LLC ("SLC") moved for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, that motion is denied.

## Background

In 2014, SLC sued plaintiff LG Electronics Inc. ("LG") for patent infringement based on LG's alleged unlicensed use of the Adaptive Multi-Rate -- Wideband ("AMR-WB") speech coding standard, for which SLC holds a patent. That dispute was resolved on December 31, 2015, when the parties entered into a Patent License Agreement ("PLA"), which provided LG with a license to use the AMR-WB standard. The PLA contained two provisions that are relevant to this motion.

Section 2.1 of the PLA grants LG a license "for the purpose of encoding and/or decoding data in accordance with the AMR-WB Standard," and specifically provides that "[t]he license granted

herein specifically excludes any rights under the Licensed Patents to practice any standard other than the AMR-WB Standard." Section 2.8 of the PLA is a covenant not to sue (the "Covenant"). It provides: "[SLC] hereby covenants not to sue [LG] for infringement of any patents owned or controlled or licensable by [SLC] . . . solely with respect to LG Products . . . ." "LG Products" are defined in Section 1.14 as:

> <u>any service or product</u> (including any technology or component within such product) <u>commercially available to an End-User as of the Effective Date and any upgrades, enhancements and natural evolutions</u> thereof now or <u>hereafter made</u>, have made, manufactured, used, sold, offered for sale, leased, purchased, licensed, imported, have imported, exported, have exported, supplied, distributed and/or otherwise disposed of by or on behalf of [LG] and/or its Affiliates.

(Emphasis supplied.)

On August 6, 2018, SLC's successor-in-interest, EVS Codec Technologies, LLC ("ECT") commenced an action against LG in the United States District Court for the Eastern District of Texas, which SLC later joined. In that case, SLC and ECT allege that LG has infringed a patent for a different audio coding standard called "Enhanced Voice Services" ("EVS").

On November 28, 2018, LG commenced this action for breach of contract. LG asserts, among other things, that SLC has violated the Covenant by commencing the EVS litigation in Texas.

2

On March 15, 2019, SLC moved for summary judgment on the ground that the scope of the Covenant does not extend to the EVS litigation because the PLA is limited to the AMR-WB standard. That motion became fully submitted on March 22.

**Discussion**

A motion for summary judgment may not be granted unless all of the submissions taken together "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 113 (2d Cir. 2017) (citation omitted). The moving party bears the burden of demonstrating the absence of a material factual question. Gemmink v. Jay Peak Inc., 807 F.3d 46, 48 (2d Cir. 2015). In making this determination, the court must "view the evidence in the light most favorable to the party opposing summary judgment" and "draw all reasonable inferences in favor of that party." Weyant v. Okst, 101 F.3d 845, 854 (2d Cir. 1996).

Once the moving party has asserted facts showing that the non-movant's claims or affirmative defenses cannot be sustained, the party opposing summary judgment "must set forth specific

3

facts demonstrating that there is a genuine issue for trial." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (citation omitted). "[C]onclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment," Ridinger v. Dow Jones & Co. Inc., 651 F.3d 309, 317 (2d Cir. 2011) (citation omitted), as is "mere speculation or conjecture as to the true nature of the facts." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Only disputes over material facts will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Section 11.1 of the PLA provides that the PLA "shall be governed by, interpreted and construed in accordance with the laws of New York, without reference to conflicts of laws principles." "It is axiomatic that where the language of a contract is unambiguous, the parties' intent is determined within the four corners of the contract, without reference to external evidence." Feifer v. Prudential Ins. Co. of Am., 306 F.3d 1202, 1210 (2d Cir. 2002). "New York requires that a covenant not to sue must be strictly construed against the party asserting it. Moreover, its wording must be clear and unequivocal." Schneider v. Revici, 817 F.2d 987, 993 (2d Cir. 1987)(citation omitted).

Nothing in the text of the Covenant indicates that it is limited by the scope of the license. Rather, it is written to apply unequivocally to any patent infringement suits involving patents held by SLC and "LG Products," which is a defined term in the contract. "LG Products" include "upgrades, enhancements and natural evolutions" of services or products that were commercially available as of the PLA's effective date. Because an issue of fact exists as to whether the allegedly infringing products in the EVS litigation are "upgrades, enhancements and natural evolutions" of LG Products that were commercially available as of the effective date of the PLA, SLC's motion for summary judgment must be denied.

SLC argues that applying the Covenant would render Section 2.1, which restricts the license to AMR-WB, meaningless. Not so. A covenant not to sue is not the same as a license. As SLC acknowledges in its reply brief, a license and a covenant not to sue may have different scopes, although appearing in the same contract. LG's preferred reading of the Covenant does not, as SLC argues, expand the scope of the license. Rather, it provides LG with litigation peace. The license remains limited to the AMR-WB standard by the clear terms of Section 2.1. This action, however, does not depend on the scope of the patent license in Section 2.1. Rather, it is a simple breach of

5

contract action for breach of an entirely different provision -- the Covenant.

## **Conclusion**

SLC's March 15 motion for summary judgment is denied.

Dated: New York, New York
April 15, 2019

_____
DENISE COTE
United States District Judge